Arthur L. HOLDEMAN on Behalf of LOCAL 88 OF the INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS OF AMERICA, AFL-CIO, Plaintiff-Appellee,

v.

Lloyd W. SHELDON and Frank T. Scavo, Defendants-Appellants,

and

Local 88 of the International Organization of Masters, Mates and Pilots of America, AFL-CIO, Applicant to Intervene-Appellant.

No. 120, Docket 27706.

United States Court of Appeals
Second Circuit.

Argued Oct. 26, 1962.

Decided Dec. 6, 1962.

denied the Union's motion to intervene and file a common answer with the defendants. All of the questions raised on this appeal were fully and adequately answered in the opinion of the court below and we affirm for the reasons there stated.

We specifically note approval of the court's suggestion that on motions for injunctions of this sort, the district court should, after a preliminary hearing if necessary, determine whether the plaintiff has made a reasonable showing that he is likely to succeed, and whether the conduct of the defendants is in conflict with the interests of the Union. This, in combination with a policy of permitting a union to reimburse a defendant if he is successful in his defense, or perhaps even where his actions were based on a reasonable judgment as to appropriate procedures and do not evidence bad faith, should provide sufficient financial protection of union officials against nuisance suits.

Affirmed.

Ernest Allen Cohen, New York City (Jaffe & Wachtell, New York City), for defendants-appellants.

Robert J. Mozer, New York City (Harold, Luca, Persky & Mozer), New York City, for applicant to intervene-appellant.

Burton H. Hall, New York City, for plaintiff-appellee.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

PER CURIAM.

Arthur Holdeman, President of Local 88 of the International Organization of Masters, Mates and Pilots of America (the Union), brought suit on behalf of the Union against two Union officials, Lloyd Sheldon and Frank T. Scavo, for alleged violations of 29 U.S.C.A. § 501(a) and (b) of the Labor Management Reporting and Disclosure Act of 1959, arising out of the issuance of checks expending certain funds of the Union. The court below in a thorough and well-reasoned opinion granted plaintiff's motion to enjoin the defendants from using counsel employed by the Union under an annual retainer to defend them, and also